## HIROKAWA v. K. ABE AND T. KANDA.

## No. 1641.

### ERROR TO CIRCUIT COURT FIRST CIRCUIT.
### HON. J. J. BANKS, JUDGE.

SUBMITTED MAY 24, 1926.                    DECIDED JUNE 5, 1926.

PERRY, C. J., LINDSAY, J., AND CIRCUIT JUDGE PARSONS
IN PLACE OF BANKS, J., DISQUALIFIED.

PROMISSORY NOTES—*default.*

Where in an action on a promissory note the court, on the
motion of plaintiff, makes and enters an order of default barring
defendant from answer pursuant to sections 2353 and 2354, R. L.
1925, and plaintiff proceeds to prove his claim by calling wit-
nesses who are cross-examined by defendant and it appears from
the evidence that plaintiff has no cause of action judgment in
favor of defendant should be sustained.

OPINION OF THE COURT BY LINDSAY, J.

The record sent up discloses that on April 9, 1924,
plaintiff brought an action against the two defendants
as maker and indorser of a promissory note. No answer
or appearance was made by the defendant Abe. Kanda,
the other defendant, on May 15, 1924, filed a general de-
nial, but did not file therewith the affidavit of merit re-
quired by section 2350, R. L. 1925. On June 9, 1924,
the court on the motion of the plaintiff, made and entered
an order of default, which recited that no answer as re-
quired by the law had been filed for or on behalf of the
defendant Kanda and therefore the motion for default "is
hereby granted and allowed, and said defendant T. Kanda
is forever barred from answer herein." Immediately after
the entry of this order of default, counsel for plaintiff
proceeded to prove his case. The note sued on was of-
fered and received in evidence. A witness for plaintiff

was called and examined and then cross-examined by counsel for the defense. The court then took the matter under advisement.

On March 4, 1925, defendant filed a motion to set aside the default entered as above set forth. On March 7, 1925, plaintiff filed an opposition to the motion for default, and on this same date the motion to set aside the default was denied. On March 19, 1925, the trial court handed down its opinion, finding from the evidence that at the time of the execution of the note sued on the defendant Abe was indebted to Theo. H. Davies & Company, Limited, of which corporation the plaintiff, Hirokawa, was an employee. In an attempt to obtain a settlement of the indebtedness of Abe to Davies & Co., Hirokawa obtained the note sued upon from Abe, as maker, and Kanda, as indorser, the note being payable to Hirokawa. The note was presented to Davies & Co., who refused to accept it for the reason that it was payable to Hirokawa and not to Davies & Co. The note was then delivered by Abe to one John Marcallino who seems to have been Abe's attorney. Sometime later Marcallino delivered the note to the counsel for plaintiff, who thereupon brought this action. After the refusal of Davies & Co. to accept the note made to Hirokawa, the defendant Abe presented another note to Davies & Co., upon which the name of the defendant Kanda appeared as indorser. This note was accepted by Davies & Co. and payments were made on it from time to time. Finally Davies & Co. brought suit on this note, but, it appearing that Kanda's indorsement was forged, the suit was dismissed.

On this showing the trial court held that, at the time of the execution of the note sued on in this case, there was no consideration for its execution. Neither Abe, the maker, nor Kanda, the indorser, owed plaintiff anything. Abe was indebted to Davies & Co. The note never had

validity. The decision of the court concludes: "The defendant owes Hirokawa nothing as disclosed by the evidence introduced by the plaintiff and, notwithstanding the judgment by default, it would be a miscarriage of justice to permit the plaintiff to recover anything in this suit. For reasons above given the plaintiff's action is hereby dismissed."

Judgment in conformity with the decision of the court having been entered, plaintiff has brought the matter here on writ of error, but one error being assigned, namely, that the court erred in giving judgment for the defendant and against plaintiff. The contention of the plaintiff is that the court, having ordered judgment against defendant by default, was not thereafter at liberty to enter judgment contrary to that order without first setting that order aside.

Under section 2351, R. L. 1925, it is provided that, in an action upon a promissory note, in case the defendant has failed to put in an answer as required by law, the plaintiff is, upon proof of service of the summons and default of the defendant, entitled to demand and receive of the court an order declaring the defendant in default, and authorizing the clerk to assess the amount of the plaintiff's claim, principal and interest, and to enter up judgment therefor and for costs.

In the instant case counsel for plaintiff, for reasons not disclosed by the record, did not proceed under section 2351 to demand and receive from the court an order declaring defendant in default and authorizing the clerk to assess the amount of the plaintiff's claim and to enter up judgment therefor. Instead of following the procedure indicated, counsel for plaintiff proceeded under sections 2353 and 2354, R. L. 1925, which read as follows:

"Sec. 2353. Proof; judgment barring answer; opening default. Upon failure of any party defendant, after hav-

ing been served with the process prescribed in sections 2337 and 2338, to answer the complaint within twenty days after service, the plaintiff in the action, upon proof to a judge at chambers, shall be entitled to an order for judgment by default, debarring the defendant from the right to answer. The judge or the court shall have power, however, to open the default, in their discretion, for good and sufficient reasons."

"Sec. 2354. Procedure after such judgment. The clerk shall, after such default, enter the cause upon the calendar of assessments to be made ex parte at the term upon sole adduction of plaintiff's evidence, without admitting the defendant to rebut the same; provided, however, that the defendant may in person, or by counsel, cross-examine the plaintiff's witnesses; and address the jury in mitigation of damages."

The plaintiff elected to take the order of default provided for by section 2353 and adduced evidence to substantiate his claim. The defendant cross-examined, as under the statute he had the right to do. Plaintiff failed entirely to make out a *prima facie* case, but, on the contrary, by his own evidence, proved to the satisfaction of the trial court that he had no cause of action. Under such circumstances and notwithstanding the order of default theretofore entered, the only judgment that the court could properly enter was one in favor of the defendant, and this was accordingly done.

No error appearing in the record, the judgment appealed from is affirmed.

*C. M. Hite* and *H. K. Ashford* for plaintiff in error.

*F. Schnack* and *Louis Le Baron* for defendant in error Kanda.